UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GEORGE KERSEY,
    Plaintiff,

v.

DONALD TRUMP,
    Defendant.

CIVIL ACTION NO. 24-10556-MPK

ORDER TO REASSIGN TO A DISTRICT JUDGE AND
REPORT AND RECOMMENDATION OF DISMISSAL

KELLEY, U.S.M.J.

George Kersey, who is representing himself in this matter, has filed a civil complaint (#1) concerning Donald Trump's political views. Kersey has not paid the $405 filing fee or filed a motion for leave to proceed *in forma pauperis*. For the reasons set forth below, the court will order the Clerk of Court to reassign this action to a District Judge and will recommend to the District Judge that the action be dismissed.

I.    Order to Reassign Case to a District Judge

Pursuant to General Orders (10-1) and (09-3), a case may be randomly assigned, at the time of filing, to a Magistrate Judge. The parties are required to inform the Court within 30 days the last party is served whether they consent or refuse to consent to the final jurisdiction of a Magistrate Judge. Absent the parties' consent to the final assignment of this case to a Magistrate Judge, a Magistrate Judge is without jurisdiction to involuntarily dismiss an action. 28 U.S.C. § 636(b)(1)(A).

This action was drawn to the undersigned Magistrate Judge under the above-described protocol. The parties to this action have not indicated whether they consent or refuse to consent

to the jurisdiction of the Magistrate Judge. This is to be expected where, as here, the complaint has not been served pending a preliminary screening of the pleading.

As set forth below, this court concludes that this action is subject to *sua sponte* dismissal. Notwithstanding, because the parties have not consented to the final assignment of this case to the Magistrate Judge, the court cannot dismiss the action. For that reason, the court will order that the Clerk of Court reassign this case to a District Judge.

II.     Review of the Complaint

Kersey's complaint contains seven paragraphs, the first two of which identify the parties. The remainder of the complaint consists of the following:

>   3.  The Australian Prim Minister has stated that Defendant has a "really creepy" affection for Vladimer Putin [sic].
>
>   4.  As a result Defendant has interfered with the defense of the United States by attacking NATO and simultaneous advising Putin with respect to NATO.
>
>   5.  Plaintiff is a veteran of the Second World War and took an oath to defend the Constitution.
>
>   6.  Defendant should be enjoined from further interference with the defense of the United States.

Compl. at 1.

The Court recommends that the District Judge dismiss this action as frivolous. A complaint that lacks a basis in law or in fact is subject to *sua sponte* dismissal as frivolous. *See Clorox Co. P.R. v. Proctor & Gamble*, 228 F.3d 24, 30-31 (1st Cir. 2000) (stating that a court may dismiss frivolous claims *sua sponte*); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (stating that a complaint is "frivolous" if it "lacks an arguable basis either in law or in fact"). Here, Kersey's complaint lacks an arguable basis in law. To the extent Kersey is challenging Trump's current conduct, Trump has a right under the First Amendment to express his opinion

about NATO and other political issues.  *See, e.g.*, *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298 (2012) ("The First Amendment creates a forum in which all may seek, without hindrance or aid from the [government], to move public opinion and achieve their political goals.").  To the extent Kersey seeks an order enjoining Trump from engaging in conduct he might undertake if, hypothetically, he serves another term as the president of the United States, said claim is not ripe for adjudication.  *See, e.g.*, *Reddy v. Foster*, 845 F.3d 493, 495 (1st Cir. 2017) (finding that pre-enforcement challenge to state statute that had not been activated or enforced since its enactment was not ripe); *see also Kerin v. Titeflex Corp.*, 770 F.3d 978, 985 (1st Cir. 2014) (finding that, where "alleged risk of harm is too speculative," a claim is not ripe for judicial review).

III.   Conclusion

For the reasons set forth above, the court ORDERS that the Clerk of Court reassign this action to a District Judge.  The court recommends that to the District Judge that the action be dismissed as frivolous.

IV.   Review by District Judge

The parties are advised that any party who objects to this recommendation must file a specific written objection with the Clerk of this Court within fourteen days of service of the Report and Recommendation.  The written objection must specifically identify the portion of the Report and Recommendation to which objection is made and the basis for such objection.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) shall preclude further appellate review.  *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *U.S. v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st

Cir. 1983); *U.S. v. Vega,* 678 F.2d 376, 378–79 (1st Cir. 1982); *Park Manor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

|  |  |
|---|---|
| June 13, 2024 | /s/ M. Page Kelley<br>M. Page Kelley<br>United States Magistrate Judge |