UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GEORGE KERSEY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 24-10556-IT |
| | * | |
| DONALD TRUMP, | * | |
| | * | |
| Defendant. | * | |

ORDER

October 18, 2024

TALWANI, D.J.

Plaintiff George Kersey has filed a Motion to Reopen [Doc. No. 14], asking that this case be reopened because he has "filed the required Poverty Affidavit." Id. at 1. If Kersey intended to file this motion in the United States Court of Appeals, he has filed it in the wrong court. To the extent that the Motion to Reopen [Doc. No. 14] seeks an order from this court to reopen proceedings here, it is DENIED.

This action was terminated in this court on July 8, 2024, when the court adopted the Magistrate Judge's unobjected to Report & Recommendation dismissing the case as frivolous. Order Adopting Report and Recommendation [Doc. No. 5]. Kersey then filed a Notice of Appeal [Doc. No. 7] and an Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. No. 10], which the court construed as a motion to appeal *in forma pauperis*. See Order [Doc. No. 11]. The court concluded that Kersey's appeal was frivolous, certified to the First Circuit that the appeal was not taken in good faith, and denied leave to appeal *in forma pauperis*. Id. at 2; see also 28 U.S.C. § 1915(a)(3) ("[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); Coppedge v. United States, 369

U.S. 438, 445 (1962) (stating that "good faith" within the meaning of 28 U.S.C. § 1915(a)(3) is only demonstrated when a litigant "seeks appellate review of any issue not frivolous"). The court also explained that any challenge to that determination needed to be filed in the Court of Appeals:

> If Kersey wishes to challenge this certification and pursue *in forma pauperis* status on appeal, he may, within thirty (30) days after service of this order, file a new motion for leave to appeal *in forma pauperis* with the United States Court of Appeals for the First Circuit. See Fed. R. App. P. 24(a)(5). He must include with that motion the four-page financial affidavit required under Rule 24(a)(1)(A) of the Federal Rules of Appellate Procedure.

Id. (emphasis added).

Kersey's appeal of the court's July 8, 2024 Order [Doc. No. 5] dismissing this action is pending in the United States Court of Appeals for the First Circuit. As jurisdiction over this case now lies with the First Circuit, see Kersey v. Trump, No. 24-1685 (1st Cir.), the court has no jurisdiction to grant the requested relief. See Coinbase, Inc. v. Bielski, 599 U.S. 736, 740 (2023) ("An appeal . . . 'divests the district court of its control over those aspects of the case involved in the appeal.'" (quoting Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) (per curiam)). Moreover, where the case was dismissed as frivolous and not for failing to file a motion to proceed *in forma pauperis*, the court would not grant the motion even if the matter was remanded, so no indicative ruling suggesting otherwise is warranted under Fed. R. Civ. Pro. 62.1.

Accordingly, the Motion to Reopen [Doc. No. 14] is DENIED.

IT IS SO ORDERED.

/s/ Indira Talwani  
United States District Judge

October 18, 2024